**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CAROL COLANGELO and** | : | |
| **DONALD J COLANGELO** | : | |
| | : | **CIVIL ACTION** |
| Plaintiffs | : | |
| **v.** | : | |
| | : | |
| | : | **NO.  25-5741** |
| **RAILROAD RETIREMENT BOARD** | : | |
| Defendant | : | |

## <u>MEMORANDUM</u>

### I.  INTRODUCTION

*Pro se* Plaintiffs Carol and Donald Colangelo ("Plaintiffs") brought this action

for judicial review of their benefits determination by the United States Railroad

Retirement Board (RRB). Pls.' Compl. (Dkt. 9). Because district court review is barred

by the Railroad Unemployment Insurance Act (45 U.S.C. § 351 *et. seq.*), this Court

lacks subject matter jurisdiction. Accordingly, Respondent's Motion to Dismiss

("Motion" at Dkt. 14) will be granted, and the Plaintiffs' Complaint will be dismissed

with prejudice.

### II.   FACTUAL BACKGROUND

The RRB is an independent executive branch agency charged with the

administration of the Railroad Retirement Act ("RRA") (45 U.S.C. § 231 *et seq.*) and

the Railroad Unemployment Insurance Act ("RUIA"). These programs provide,

among other benefits, monthly annuities for certain retired employees and their

spouses.

Plaintiff Donald Colangelo is a former railroad worker who receives a retirement annuity benefit under the RRA. Compl. at 2; Mot. at 4. His wife, Plaintiff Carol Colangelo, received a spousal annuity based on her caring for their two children. Compl. at 2; Mot. at 4. On December 3, 2024, Mrs. Colangelo received a notice from the RRB that her spousal annuity would end because her youngest child had reached the age of 18. Compl. at Ex. B, E2. On December 11, 2024, the RRB sent notice that Mr. Colangelo's annuity rate was being adjusted. *Id.* at Ex. A.

Mrs. Colangelo contends that the termination of her annuity was incorrect because her younger child was still a full-time high school student. Compl. at 9. Along with the termination, Mrs. Colangelo raised several issues for reconsideration with the RRB, including prior adjustments to her annuity based on her Social Security benefits and increases in her Medicare premiums. *Id.* Plaintiffs also alleged a shortfall of $405.00 in Mr. Colangelo's annuity. *Id.* at Ex. C1. The procedural record before the RRB is unclear, but ultimately, the RRB's reconsideration specialist found the computation of Mrs. Colangelo's benefits correct. Mot. at Ex. 1. Mrs. Colangelo appealed to the RRB's Bureau of Hearings and Appeals ("Bureau") on January 8, 2025. *Id.*

The Bureau's hearings officer determined that the issues on appeal were not factual disputes and thus accepted the Plaintiffs' evidence without holding a hearing. *Id. See* 20 CFR § 260.5 ("Where the hearings officer finds that . . . the only issues raised by the appellant are issues concerning the [law] . . . no oral hearing shall be held."). Mrs. Colangelo emailed the hearings officer several times while her appeal

was still pending. Compl. at Ex. I-N. Dissatisfied with the Bureau's process, Mrs. Colangelo filed this complaint in November of 2025. *Id.* at Ex. M. On December 8, 2025, the Bureau issued an opinion on Mrs. Colangelo's appeal. Mot. at Ex. 1.

The Bureau found that Mrs. Colangelo received the highest annuity authorized by law. *Id.* Further, as Mrs. Colangelo was not covered by the "Special Guaranty"—a provision where the spousal annuity continues after a child of the railroad employee turns 18, so long as that child is a full-time student—no additional benefits were owed after the December 2024 termination. *Id.* Mrs. Colangelo was directed to contact the Social Security Administration concerning her Medicare premiums. *Id.* Included in the opinion were instructions on how Mrs. Colangelo could file an appeal on the Bureau's decision. *Id.*

Plaintiffs assert that this Court has subject matter jurisdiction under 28 U.S. § 1361 "to compel an officer or employee of the United States to perform a duty owed to the plaintiff." Compl. at 2. Plaintiffs ask the Court to issue a writ of mandamus ordering the RRB "to reinstate benefits retroactively and correct all payment discrepancies." *Id.* They bring additional claims, including due process violations from "terminating benefits without a hearing or explanation," the "negligent administration of federal benefits," and emotional distress due to "prolonged uncertainty, financial hardship, and lack of communication from the RRB." *Id.* They seek payment of "withheld benefits and underpaid amounts with interest," and $100,000 in compensatory, emotional, and punitive damages. *Id.* at 3.

In its Motion to Dismiss, Respondents argue that jurisdiction is barred by 45 U.S.C. § 355(f) and 45 U.S.C. § 231(g). Mot. at 5. Section 355(f) of the RUIA provides:

> [a]ny claimant . . . or <u>any other party aggrieved by a final decision</u> under subsection (c) of this section, <u>may, only after all administrative remedies within the Board will have been availed of and exhausted, obtain a review of any final decision of the Board by filing a petition for review</u> within ninety days after the mailing of notice of such decision to the claimant or other party, or within such further time as the Board may allow, <u>in the United States Court of Appeals</u> for the Circuit in which the claimant or other party resides or will have had his principal place of business or principal executive office, or in the United States Court of Appeals for the Seventh Circuit or in the United States Court of Appeals for the District of Columbia.

45 U.S.C. § 355(f) (emphasis added).

Section 8 of the RRA incorporates Section 355(f) of the RUIA and extends the time period in which a claimant may file:

> Decisions of the Board determining the rights or liabilities of any person under this subchapter <u>shall be subject to judicial review in the same manner</u>, subject to the same limitations, and all provisions of law shall apply in the same manner as though the decision were a determination of corresponding rights or liabilities under the Railroad Unemployment Insurance Act [45 U.S.C. 351 *et seq.*] except that the time within which proceedings for the review of a decision with respect to an annuity, supplemental annuity, or lump-sum benefit may be commenced shall be one year after the decision will have been entered upon the records of the Board and communicated to the claimant.

45 U.S.C. § 231g. (emphasis added).

In response, Plaintiffs assert "a decision issued in violation of statutory procedure is not a final decision under § 355(f)." Resp. in Opp'n at Dkt. 15. Plaintiffs further argue they have "constructively exhausted" their administrative remedies,

and that the alleged constitutional violations are still properly before this Court. *Id.* at 2.

### III.    LEGAL STANDARD

A motion to dismiss brought under Rule 12(b)(1) challenges the existence of a court's subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In reviewing a Rule 12(b)(1) motion, the Court must first determine whether the motion presents a 'facial' attack or a 'factual' attack on the claim. *Constitution Party v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). "In sum, a facial attack contests the sufficiency of the pleadings, whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Id.* (internal quotation marks and citations omitted).

Here, because Respondents "filed the [motion] before [they] filed any answer to the Complaint or otherwise presented competing facts, it is by definition, a facial attack." *Id.* at 358 (cleaned up). Thus, in reviewing a facial attack, the Court must "consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.* As Plaintiffs are *pro se*, the Court shall afford their claims liberal construction. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

"Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Federal courts have limited jurisdiction, possessing "only the power authorized by Constitution and

5

statute" to hear a case. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377. A court must answer the question of whether it has jurisdiction before ruling on the merits. "It is to be presumed that a cause lies outside [a federal court's] limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* As Plaintiffs are the party asserting jurisdiction, the burden lies with them.

## IV.    DISCUSSION

As an initial matter, Plaintiffs' claims cannot proceed because they have not exhausted their administrative remedies. Had they exhausted their remedies, Plaintiffs' claim could not proceed in the Eastern District of Pennsylvania, because only the United States Court of Appeals is vested with jurisdiction to review final decisions of the RRB. 45 U.S.C. § 355(f).

Both Plaintiffs and Respondents agree there is no final decision, but for different reasons. Plaintiffs assert there is no final decision because the Bureau's determination was in "violation of statutory procedure." Resp. in Opp'n at 2. Conversely, Respondents maintain there is no final decision because Plaintiffs have not appealed the Bureau's December 8 decision to the Board. Mot. at 5.

Respondents are correct. No final decision within the meaning of Section 335(f) is before this Court because Plaintiffs have not availed themselves of all

administrative remedies.[1] While the 60-day time limit for filing their appeal passed on February 8, 2026, Plaintiffs may still ask the Board to waive the time limit. *See Cunningham v. RRB*, 392 F.3d 567, 572 (3d Cir. 2004) ("[Plaintiff] here has not exhausted her administrative remedies before the RRB because she failed to timely appeal the Bureau's decision affirming the denial of benefits to the Board within the 60-day time period."). Even if there were a final decision from the RRB, this Court is an improper forum.

Congress "vest[ed] exclusive appellate jurisdiction over decisions of the [RRB] in the Court of Appeals." *Carter v. R.R. Retirement Bd.*, 834 F.2d 62, 63 (3d Cir. 1987). Consequently, Federal district courts do not have jurisdiction to review the RRB's final decisions. Plaintiffs may obtain judicial review "by filing a petition . . . in the United States Court of Appeals." 45 U.S.C. § 355(f). For the Court of Appeals to exercise jurisdiction, Plaintiffs must show a "final decision of the Board issued on the merits of their claim *after* they exhausted their administrative remedies within the meaning of § 355(f)." *Cunningham*, 392 F.3d at 572 (emphasis added).[2] Accordingly,

---

[1]     Plaintiffs cite *Coit Independence Joint Venture v. Federal Sav. & Loan Ins. Corp.*, for the proposition that "constructive exhaustion" is an exception to Section 355(f). 489 U.S. 561. *Coit*, however, dealt with the FSLIC's power to adjudicate creditors' claims, not benefits disputes under the RRA. Notably, the Third Circuit has never adopted the doctrine of "constructive exhaustion" in adjudicating Section 355(f) appeals.

[2]     The Court will address Plaintiffs' other jurisdictional claims for the sake of clarity. Plaintiffs argue this Court has jurisdiction under the Mandamus Act. Compl. at 2 (citing 28 U.S. Code § 1361). There must be an independent basis for jurisdiction before a district court may issue a writ of mandamus. *See United States v. Christian*, 660 F.2d 892, 894 (3d Cir. 1981) ("Before entertaining" a petition for a writ of mandamus, the court "must identify a jurisdiction that the issuance of the writ

this Court would never have occasion to adjudicate claims flowing from Defendant's appeals process or any claims that fall under the ambit of Section 355(f).[3]

For the reasons set forth above, the Motion to Dismiss will be GRANTED and Plaintiffs' Complaint is DISMISSED WITH PREJUDICE. An appropriate order follows.

BY THE COURT:

GAIL A. WEILHEIMER,  J.

DATE:  March 18, 2026

---

might assist.") Because, for the reasons explained above, the Court does not have jurisdiction, it cannot issue a writ of mandamus. Additionally, Plaintiffs assert that the Court has "jurisdiction over constitutional and statutory violations." Resp. in Opp'n at 3.  The question of whether the Railroad Retirement Board has violated Plaintiffs' Fifth Amendment rights would be one for the Court of Appeals after administrative exhaustion. *See Kelly v. Railroad Retirement Board*, 625 F.2d 486 (3d Cir. 1980) (holding RRB's delay of nearly four years from the time of the disability annuity application to the agency's decision violated due process).

[3]     Occasionally, the Court considers transfer to the proper forum under 28 U.S.C. § 1631 when it lacks subject matter jurisdiction.  Transfer has the benefit of maintaining continuity and avoiding litigation over whether a refiled action is time-barred. *Kim v. Korean Air Lines Co.*, 513 F. Supp. 3d 462, 476 (D.N.J. 2021).  However, Congress clearly intended to limit the authority of federal courts to transfer cases only to other federal courts. *Moravian Sch. Advisory Bd. of St. Thomas, V.I. v. Rawlins*, 70 F.3d 270, 274 (3d Cir. 1995).  This Court's research has uncovered no case granting federal courts the authority to transfer cases under a Section 1631-like framework back to administrative agencies. *But see AT & T Corp. v. PAB, Inc.*, 935 F. Supp. 584, 589 (E.D. Pa. 1996) (Padova, J.) (discussing the doctrine of primary jurisdiction which allows the district court to transfer a matter *otherwise within its original jurisdiction* to an appropriate administrative agency).  As such, dismissal is the proper disposition in this matter.